**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID PERRAPATO,

    Plaintiff,

    v.

THE SAN FRANCISCO CHRONICLE,

    Defendant.

_____/

No. C 05-1017 PJH

**ORDER REQUESTING ADDITIONAL BRIEFING**

On June 15, 2005, the court heard argument in plaintiff's motion to remand the above-entitled action to the Small Claims Division of the Superior Court of California, County of Alameda. At the hearing, the court ruled from the bench, stating that the motion would be denied. The court intended to follow up the oral ruling with a written decision. On June 21, 2005, however, plaintiff requested an order dismissing the action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2).

Meanwhile, in the interim between the hearing and plaintiff's request for voluntary dismissal, the court had again reviewed the parties' papers and the relevant legal authority, and had determined that the issues warranted further briefing, and that the decision warranted reconsideration.

Initially, the court looked more closely at the recent decision in Valles v. Ivy Hill Corp., __ F.3d __, 2005 WL 1322949 (9th Cir., June 6, 2005). In that case, two employees filed suit

against their employer in a California state court, alleging that their employer had failed to provide them with adequate meal periods and rest breaks, in violation of the California Labor Code and California wage regulations. The employer removed the case, alleging that the claims were preempted by § 301 of the Labor Management Relations Act (LMRA). The district court denied the employees' motion to remand.

The Ninth Circuit reversed. The court began by explaining that a claim brought in a state court on the basis of a state law that is independent of rights under the collective bargaining agreement will not be preempted by § 301 of the LMRA, even if a grievance arising from precisely the same facts could be pursued. Valles, 2005 WL 1322949 at *2 (citing Livadas v. Bradshaw, 512 U.S. 107, 123 (1994)). (The employees' union had not filed a grievance.) The Ninth Circuit also noted that when the meaning of the terms of the CBA is not in dispute, the mere fact that a CBA may be consulted in the course of state-law litigation does not mandate preemption of the state law claim by § 301. Id. The court added that in order for complete preemption to apply, the need to interpret the CBA "must inure in the nature of the plaintiff's claim. If the claim is simply based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Id. (quoting Cramer v. Consolidated Freightways, 255 F.3d 683, 691 (9th Cir. 2001)).

After reviewing the Valles decision, this court then looked at the U.S. Supreme Court's decision in Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988), one of the cases cited in Valles. In that case, an employee living and working in Illinois was discharged for allegedly filing a false worker's compensation claim. She brought an action in an Illinois state court asserting that she had been terminated for exercising her rights under the state's Worker's Compensation Act. The employee's union had previously filed a grievance pursuant to a collective bargaining agreement between the employer and the union, and the arbitration was pending at the time the employee filed the state-court suit.

Defendant removed the case, and the district court determined that the claim for retaliatory discharge was preempted by § 301 of the LMRA, because it was "inextricably intertwined" with the collective bargaining provision prohibiting discharge without just cause.

2

The district court found that allowing the state court action to proceed would undermine the arbitration procedures in the collective bargaining agreement. The Supreme Court reversed, holding that the application of the employee's state tort remedy was not preempted by § 301, because an application of state law is preempted only if such application requires the interpretation of a collective bargaining agreement. Id. at 405-06. The Court found that neither of the elements of the state-law claim of retaliatory discharge required a court to interpret any term of a collective bargaining agreement, and that the factual inquiry as to whether the employer had a nonretaliatory reason for the discharge did not turn on the meaning of any provision of a collective bargaining agreement. Id. at 406-07. The Court noted that although the state-law analysis might involve attention to the same factual considerations as the determination, in the arbitration, whether the employee was fired for just cause, such parallelism did not render the state-law analysis dependent upon the contractual analysis. Id. at 407.

Having considered the Valles and Lingle decisions, as well as the supporting authority, this court concluded that further briefing would prove beneficial. Specifically, the court questions whether the distinction between a case where an employee (or the employee's union) has filed a grievance prior to filing the state-court tort claim and a case where an employee (or the union) has not filed a grievance is sufficient to distinguish the rule articulated in Valles from the outcome urged by defendant in the present case.[1] And if so, how can we distinguish the decision in Lingle, where the employee did file a grievance prior to filing the state-court suit?

Plaintiff shall file a brief addressing these issues, not to exceed 10 pages, no later than July 13, 2005. Defendant shall file a responsive brief, not to exceed 10 pages, no later than July 27, 2005. Plaintiff may file a reply, not to exceed 5 pages, no later than August 3, 2005.

---

[1] The court notes, however, that the final disposition in Valles is not directly applicable to the facts of the present case. In Valles, the Ninth Circuit noted that the rule that a state-law claim is preempted if it is necessary to construe the collective bargaining agreement had no relevance to the case before the court, because any provision of the collective bargaining agreement purporting to waive the employees' rights to meal periods would be of no force or effect as that right was "nonnegotiable." Valles, 2005 WL 1322949 at *7.

3

The final decision on the motion to remand will be deferred until after the court has considered the arguments raised by the parties in the additional briefing.

**IT IS SO ORDERED.**

Dated:  June 22, 2005

/s/
PHYLLIS J. HAMILTON
United States District Judge

4